TALIAFERRO, Judge.
, Plaintiff sustained physical injury .when in the nighttime- he drove his automobile-into a hole 26 inches east and west by 48 inches north and south, in a bridge within the corporate limits of.the Town of Winn-field, Louisiana, which was owned and *921 'maintained by the town. ' He sued for damages and predicates the action upon the 'alleged negligence of the town in allowing the hole to exist for a considerable length of time, all to the knowledge of its officers and employees; and not to have placéd barricades and/or lights about it in the nighttime so that motorists and others traveling the street whereon the bridge is located would be apprised of the presence of the dangerous hole.
Defendant resists the demands on the primary ground that it was not actionable negligence on its part to allow the .hole to remain unrepaired; and, secondly, that if it be held that this defense is not tenable, plaintiff is barred from recovery because .of his own contributory negligence, in that he frequently drove over the bridge after the hole developed and well knew of. its presence; that had he exercised ordinary care for his own safety he would not have driven his car heedlessly into the hole.
Defendant called in warranty the National Automobile and Casualty Insurance Company on the theory that it was obligated under the terms of a policy of insurance, to defend the Town of Winnfield in this character of suit, and to pay any judgment that might be.rendered against it. Exceptions of no cause , and -no right of action interposed by the insurance company were sustained. No appeal ha's been prosecuted from this ruling. Trial on the merits resulted in judgment for the plaintiff in the sum of $2,500. Defendant appealed to this Court. Here, appellee prays for an increase in the award.
The Court assigned lengthy written reasons for the judgment.
The bridge in question forms a link in Boundary Street, is decked with boards, and extends north and south. It is 20 feet wide and is practically level at each end with the abutting asphaltic surfacing of the streets. Upon the decking at the ends of the boards, on each side, there rests a timber, 6;by 6 inches, the entire length of the bridge. The hole began at the timber along the east side of the bridge and extended westerly said distance of 26 inches.
The bridge was without rails or other superstructure, which would provide notice of its location.
Plaintiff often drove ' his car over and along Boundary Street and knew for several weeks that the hole had developed to the proportions herein stated.
At the time of the accident and for several years prior, plaintiff was engaged in -selling insurance on industrial debit in and around Winnfield. Immediately prior to the accident he had- been south of the bridge collecting insurance premiums from some of his customers. ’ The business'for the day ■having been completed, he reversed his course and headed northerly along the street, and was going in this direction when the accident occurred. His vehicle was going at a moderate speed. The front right wheel fell into the hole. This suddenly stopped the car’s momentum. Plaintiff was thrown somewhat violently against the wheel and dash.
Plaintiff alleged and testified that about the time he reached the bridge he was blinded by the headlights of an on-coming car, and because of this and the lack of jolt when his car entered upon the bridge, coupled with the fact that his mind was engrossed with thoughts concerning his business, he did not -realize for an instant he was upon the bridge; that h'e, to give the other car its entire side of the bridge, instantly pulled his car to the right, for the moment being oblivious of the fact that the hole was directly in his path of travel. Defendant seriously challenged the correctness" of plaintiff’s contention in these respects, but the Court, with assigned reasons, resolved the issue for-the plaintiff. Study of the pertinent testimony has not convinced us of error in this ruling.
The hole developed because of boards decaying and being knotked out o'f place by traffic, which, it is shown, is somewhat heavy over the street at the locus of the bridge. It has once been repaired by new boards being laid over it, but these were knocked loose and again it became a hazard to traffic. As said heretofore, this condition had existed for several weeks be-
*922 fore the accident, and was known to exist by the town’s mayor and at least some of its policemen. The astounding fact is that at date of trial, nearly six months subsequent to the date of the accident, the hole remained open.
In view of the uncontroverted facts, the town’s negligence is so palpable that citation of authorities to support and warrant the conclusion would seem unnecessary. To discharge its duty with respect to physical condition of its streets and bridges, a municipality is not, by law, required to maintain them in a state of perfect repair, but they are required to maintain them in reasonably efficient state of repair. Obvious, patent points of hazard and danger, under pain of responsibility for damages to others resulting therefrom, especially when known to officers and agents, should have immediate and adequate repair.
In the case of Clinton v. City of West Monroe, 187 So. 561, this Court gave mature consideration to the principle here discussed. As disclosed from the syllabi, it was held: “A municipality which permitted drainage ditch between 20 and 25 feet wide at the top and nearly 7 feet deep at the center and the banks of which were nearly perpendicular, to remain unguarded at end of street, was ‘grossly negligent,’ particularly where one automobile had already driven into ditch.”
The more serious question tendered is that of the alleged contributory negligence of the plaintiff, in view of the admitted fact that the hole’s presence was well known to him. But, when all the pertinent facts and circumstances are weighed and considered, may it not be reasonably said that plaintiff’s negligence or lack of care, if any, was not the proximate cause of the accident? He was driving as might be expected, near the center of the street, unmindful that he was so near the bridge. His thoughts were devoted to business just transacted and/or to that which lay before him for the following day. Suddenly, the bright lights of the on-coming car focused1 upon him. The natural and spontaneous impulse was to so steer his car as to make sure the other car was given ample space to pass, and in doing this the knowledge of the presence of the hole was, in a way, momentarily effaced. Unless these conclusions be-adopted, the adverse conclusion that plaintiff wilfully drove into the hole, arises. To-so conclude would be absurd. The plea of contributory negligence is not well founded-
Plaintiff suffered no serious physical injury from the accident, save to the-right knee. The physicians who examined the knee are uncertain whether the cap or the cartilage about it has been ruptured. X-ray pictures do not reveal injuries of this-character. They all agree that only an operation would disclose true conditions, and that such an operation, even though the cap were removed, would eliminate the disability and discomfort of which plaintiff complains. The cost of such an operation would not be excessive, nor would there be involved any danger of fatal results.
There is no doubt that plaintiff has experienced some pain because of the knee’s condition, and a large amount of discomfort therefrom. We agree with one of the prominent physicians who testified in the case that plaintiff is largely exaggerating the extent of disability that he ascribes to the knee. However, it cannot be said that the knee’s condition has not militated against plaintiff performing his insurance business duties as effectively as formerly. But all of this can be corrected by an operation with no attending possibility of fatal results.
The trial judge was in a better position than we to determine a proper award of damages in the case. We perceive of no valid reason for disturbing his finding on this question.
For the reasons assigned, the judgment from which appealed, is affirmed with costs.