345 So.2d 194 (1977)
Ethel Matthews PARKER, Plaintiff and Appellant,
v.
Howard HANKS, Defendant and Appellee.
No. 5844.
Court of Appeal of Louisiana, Third Circuit.
April 13, 1977.
Rehearing Denied May 10, 1977.
Writ Refused June 8, 1977.
*195 Knight & Knight by William N. Knight, Jennings, for plaintiff and appellant.
Marcantel & Cassidy by David E. Marcantel, Jennings, for defendant and appellee.
Before CULPEPPER, WATSON and STOKER, JJ.
STOKER, Judge.
This is a personal injury action arising out of a dog-bite case and presents issues following in the wake of Holland v. Buckley, 305 So.2d 113 (La.Sup.Ct.1974). The principal issue to be decided is whether the victim herself was at fault in the context of the rule of Holland v. Buckley so as to bring her conduct within one of the "limited defenses" the Supreme Court has said "are available to absolve him (owner) of the presumption of fault created by the animal's injuring another."
Plaintiff is Ethel Matthews Parker and her suit is against Howard Hanks, keeper of a small fish market in Lake Arthur in Jefferson Davis Parish. After trial the court found for the defendant and rejected plaintiff's demands at her costs. The trial court gave oral reasons for his judgment at the conclusion of the trial which were recorded. In his reasons the trial court stated that the weight of the testimony was in defendant's favor. We interpret this to mean that fact findings which required resolution on the basis of a credibility evaluation were resolved in defendant's favor. Plaintiff appealed from the ruling of the trial court.
While there are some disputed issues of fact, the one specification of error set forth in plaintiff's brief is as follows:

SPECIFICATION OF ERROR
The trial court erred in concluding that the conduct of plaintiff in this dog-bite case amounted to that kind of fault which would exculpate defendant from liability under Civil Code Article 2321.
From the oral opinion of the trial court and the briefs of counsel we gather that there was no specific finding or holding that defendant Hanks was at fault; rather, it appears that the trial court found fault on the part of plaintiff herself which exculpated defendant from liability under the holding of Holland v. Buckley, supra, and the holding of the Court of Appeal for the First Circuit in Dotson v. Continental Insurance Company, 322 So.2d 284 (La.App. 1st Cir. 1975).
The facts of this case were as follows. Mr. Howard Hanks operated a small fish market dependent on his own supply. If he caught fish, he opened his market. If he had no fish to sell, he simply closed it. He also did some trapping and a pile of furs was located somewhere in a yard or area between the fish market and the back door of defendant's house. The layout is not clear from the record. There is agreement, however, that the market faced a street and a driveway ran beside the market, and the nearest part of the Hanks' house to the fish market was the rear of the house itself. The door of the house nearest the fish market was the kitchen door. Plaintiff testified the house was on the opposite side of the driveway from the fish market.
At some point in the area near the rear or kitchen portion of the house, plaintiff had a Labrador Retriever weighing about forty pounds staked out on a chain. Near the pile of furs was a sign which read "Beware of the Dog." Mrs. Parker admitted she was "vaguely aware" that plaintiff kept a dog in the area. She had seen the dog on a chain in the furthermost corner of the yard from the house. She had traded with plaintiff on previous occasions. Usually, she drove into the driveway. On this occasion, however, she parked on the street. The time was 5:00 P.M. or after. Finding the fish market closed, Mrs. Parker decided to go to the Hanks' home for the purpose of asking if fish were available. She had never done this before, and there is no evidence *196 that customers of the fish market were in the habit of going to the house. She stated she could hear voices in the Hanks' kitchen. She proceeded up the driveway on foot and mounted the steps leading to the kitchen door. The chain to which the dog was fixed was long enough to extend inside this door so as to permit it to come inside. At the time Mrs. Parker came to the kitchen door the dog was inside beside the door with his chain stretched underneath leading outside to his stake. Inside the kitchen were defendant, Howard Hanks, together with his wife and son, Nelson Hanks. From this point on, the parties and witnesses are in disagreement as to what occurred.
Plaintiff contends that she knocked on the kitchen door and the dog pushed the screen door open and bit her on the arm. Then the chain became wrapped around her legs, and the dog proceeded to gnaw on her hip until one of the family called the dog off. It is plaintiff's position that she was outside the house and the dog came out after her. She stated "well I wasn't even looking at the door, you know, you just knock and you are looking at the wall, sort of, and immediately the door just burst open and there was the dog."
As we understand defendant's position, he does not contend Mrs. Parker actually got inside the kitchen. However, Mr. and Mrs. Hanks and their son, Nelson Hanks, testified there was an outer screen door and an inner wooden door, both of which were closed. The wooden door opened inward with a push. As the Hanks were seated in their kitchen they did not hear the approach of Mrs. Parker up the driveway and did not hear any knock at the door. The Hanks immediately moved to pull the dog away from Mrs. Parker.
The trial court in his oral reasons noted that there was a controversy as to whether the inner door was closed or open. He concluded it was closed but not locked or fastened. He felt there was a possibility that the door was slightly ajar. The trial court then reasoned that this meant that Mrs. Parker must have pushed the "back door" open in some way. He found that the dog had not barked which he found difficult to understand on the ground that Labrador Retrievers are hunting dogs and ordinarily possess an acute sense of hearing. He found it difficult to apprehend how plaintiff could have gotten as close to the door as she did without the dog knowing it and sounding the alarm. The trial court concluded that a preponderance of the evidence established that the dog was startled. He stated that although Labrador Retrievers are not known to be vicious, it reacted in this case when it was startled, as it was trained to act, and attacked.
We find the record supports the trial court's findings of fact and there is no manifest error in his finding. We also find no error in his application of law to the facts.
Although the trial court did not in so many words hold that defendant was strictly liable, it is obvious that he did. He noted that Holland v. Buckley, supra, had discarded, and overruled, the negligence approach to dog-bite cases in which, in its most burdensome form, required showing a propensity of the animal to inflict harm and knowledge of the owner of such propensity. (The so-called "first bite free" rule.) He recognized that this decision had given a new interpretation to the language of Article 2321 of the Louisiana Civil Code which provides in part that: "The owner of an animal is answerable for the damage he has caused * * *." In his oral reasons the trial judge stated:
That the correct interpretation of 2321 is as follows: "When a domesticated animal harms another, the master of the animal is presumed to be at fault. The fault so provided is in the nature of strict liability and an exception to or in addition to any ground of recovery on the basis of negligence." Article 2321. "The owner may exculpate himself from such presumed fault only by showing that harm was caused by the fault of the victim, by the fault of a third person for whom he is not responsible, or by a fortuitous event."
The trial court then proceeded to determine whether or not the plaintiff was at *197 fault, relying heavily on the case of Dotson v. Continental Insurance Company, supra, in which the Louisiana Supreme Court denied writs on January 30, 1976. In conclusion, the trial court remarked as follows:
. . . [The plaintiff] went to the place of business and saw it was closed. It was then five (5:00) o'clock or thereafter and I suppose she thought "Well, maybe they've already closed for the day: and she went on to get the fish or to inquire if there was fish. So, the Court cannot escape the fact that if this were not fault of the victim, Mrs. Parker, then at least she was contributorily negligent in knocking at the door and not seeing that the chain was there. She knew and testified that there was a dog on the premises. She knew that there was a sign that said "Beware of the Dog". There was no reason for her to think that the dog would attack her. She didn't even see the dog until the dog did attack her.
The Court cannot escape the fact that the Dotson case places some responsibility on the victim and the Court feels that that is true in this case.

PLAINTIFF'S LEGAL POSITION
Plaintiff acknowledges that fault without negligence cases such as Holland v. Buckley, supra, and Loescher v. Parr, 324 So.2d 441 (La.Sup.Ct.1975) have recognized that the party presumptively at fault may be absolved of responsibility by rebutting the presumption. Plaintiff also recognizes that one way an animal owner (or owner of a thing as in Loescher v. Parr) may absolve himself is by showing that the cause of the harm was the fault of the victim. Plaintiff urges that this concept of "victim's fault" has not yet been interpreted but urges that it is the same as contributory negligence or assumption of risk which were rejected as a defense in strict liability cases in Langlois v. Allied Chemical Corporation, 258 La. 1067, 249 So.2d 133 (1971).
We do not regard the Langlois case as a proper guide for determining fault of a victim in the context of such facts as face us here. Langlois was decided under Articles 2315 and 2316 of the Louisiana Civil Code. In ordinary negligence cases contributory negligence and assumption of risk are defenses which are thoroughly rooted in our law. In Langlois a fireman sustained injury from inhalation of gas in answering a call to assist two men trapped in a tank belonging to Delta Southern Tank Corporation. Gas was escaping from the plant of Allied Chemical Corporation and plaintiff, Langlois, was exposed to the gas. The gas was highly poisonous and the storage of the gas was considered ultra-hazardous. All parties, including the defendant, agreed that Allied was liable.
As organ of the Louisiana Supreme Court, Justice Barham discussed the nature of Allied's liability for the sole purpose of considering the validity of the defenses raised by Allied which were contributory negligence and assumption of risk.
In the early part of the Langlois opinion it is stated that "the courts must still ascertain the nature of an action in order to determine the available defenses and the applicable prescription."
Justice Barham pointed out that Article 2315 reads: "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it. * * *" and Article 2316 reads: "Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill." Justice Barham referred to fault as the key word in Article 2315, but he noted that, although it was given three qualities or categorized in three degrees in Article 3556(13), it was nowhere defined in the Civil Code.
After discussing the difference between the civilian and the common law approach to the determination of the kinds of activity of man which will require that liability be imposed upon him, Justice Barham discussed fault in general terms as follows at page 137 of the opinion:
Definitions of fault are actually indefinite generalities and usually not illuminating *198 when applying the concept. Colin and Capitant have said that fault signifies that conduct which a man should not have engaged inthat is, that he has acted as he should not have acted. 2 Colin et Capitant, Cours élémentaire de droit civil francais (8e éd.1935) § 190. Defining fault is a logomachy. Because of the difficulty in defining fault for all times and purposes and instead of defining fault by listing numerous activities which constitute fault (much as we enumerate the activities which constitute criminal conduct in our Criminal Code) our law has left this determination in the hands of the court. However, our lawmakers have provided us with numerous standards of fault in the Civil Code, in statutory law, and in ordinances. Fault is not limited to moral wrongs but encompasses many acts which are merely forbidden by law.
Ultimately, Justice Barham concluded for the court that the ultra-hazardous activity of the defendant imposed liability upon it for escaping gas without a showing of negligence. He said: "Here we find that proof that the gas escaped is sufficient, and proof of lack of negligence and lack of imprudence will not exculpate the defendant." However, in the paragraph immediately preceding this quoted sentence he said: "The activities of man for which he may be liable without acting negligently are to be determined after a study of the law and customs, a balancing of claims and interests, a weighing of the risk and the gravity of harm, and a consideration of individual and societal rights and obligations."
It is against the background of the pronouncements referred to above that we must consider the ultimate ruling of the defenses of contributory negligence in the Langlois case. Justice Barham stated that: "The defense of contributory negligence which is urged here presupposes original negligence on the part of the defendant. This case is not a case where negligence is an ingredient of fault, and contributory negligence is not a defense." As we appreciate the opinion in Langlois, the Supreme Court did hold that the defense of assumption of risk was applicable but found that the plaintiff had not in fact assumed the risk. After through consideration of the Langlois decision, we do not regard it as holding that in every case of liability because of non-negligent fault on the part of the actor contributory negligence and assumption of risk are unavailable as defenses.
In any event, a much more cogent reason for rejecting Langlois as a guide for holding that victim-fault is not a defense in cases of injury inflicted by domestic animals is that Holland v. Buckley, supra, addresses itself to the issue specifically. It clearly provides that fault on the part of the victim will exculpate the owner. It remains, therefore, for us to determine whether the trial court committed manifest error in finding plaintiff was guilty of contributory negligence in causing the dog attack and whether her conduct as such is the kind of victim-fault contemplated in Holland v. Buckley, supra.

VICTIM-FAULT UNDER ARTICLE 2321 OF THE CIVIL CODE
In Justice Tate's summary of the decision in Holland v. Buckley, supra, he stated the following:
We hold therefore, that the correct interpretation of Civil Code Article 2321 is as follows: When a domesticated animal harms another, the master of the animal is presumed to be at fault. The fault so provided is in the nature of strict liability as an exception to or in addition to any ground of recovery on the basis of negligence, Article 2316. The owner may exculpate himself from such presumed fault only by showing that the harm was caused by the fault of the victim, by the fault of a third person for whom he is not responsible, or by a fortuitous event.
In reviewing the French authorities Justice Tate was considering the civilian authority for the basic concept of presumed fault on the part of the animal owner. However, in every instance the French *199 writers included fault of the victim as one of the things which might be shown by the owner in order to escape the strict liability. In discussing the Louisiana case of Delisle v. Bourriague, 105 La. 77, 29 So. 731 (1901), which Justice Tate quoted for some length, he stated at follows:
In holding the owner liable, Delisle, discussed the present issue in these terms, 105 La. 84-85, 29 So. 734: "Article 2321 of the Louisiana Revised Civil Code (article 1385, Code Napoleon) is founded upon the presumption that the fault is chargeable to the owner of the animal that caused the damage, or to the person in whose use or under whose care it was at the time of the accident; and that presumption can be made to give way only in the presence of proof either of an unforeseen event or by the imprudence of the one inured . . . (Emphasis supplied.)
We feel that the concept of fault of the victim in the context of cases falling under Article 2321 as interpreted by Holland v. Buckley, supra, should be given a commonsense application. The Delisle case indicated that imprudence on the part of the victim would be sufficient to bar recovery. Imprudence appears to us to be much the same as negligence. See Article 2316 of the Louisiana Civil Code. Whether fault of the victim in cases of this kind is the same as contributory negligence in fault based on negligence cases, remains to be fully developed. The trial court used the language, or terminology of, contributory negligence in holding that the owner had exculpated himself. Until the theoretical concept is worked out more precisely, we see no harm in so designating it. However, we see no need to so do. We simply hold in this case the defendant, Hanks, is exculpated by what we consider to be the fault of the victim, Mrs. Parker. Our brothers of the First Circuit have come to a similar conclusion in Dotson v. Continental Insurance Company, supra, where the facts were not too far dissimilar from those here.
Our brothers of the Fourth Circuit have, recently considered the question in Babin v. Zurich Insurance Company, 336 So.2d 900 (La. App. 4th Cir., 1976), rehearing denied. There a 3½ year old child was bitten by a dog after pulling the dog's tail in the owner's home. The majority appears to consider fault and contributory negligence as synonymous, but concluded that the child would be an "innocent victim" within the meaning of Holland v. Buckley, supra, because a child of tender years is incapable of appreciating the consequences of his action. Hence, the owner was held liable. Judge Stoulig dissented on the ground that fault in the context of Holland was not the same thing as negligence. However, he was of the view that, although the action of the 3½ year old child "cannot be legally classified as contributory negligence, it does fall within the category `that the harm was caused by the fault of the victim' thereby rebutting the statutory presumption of the owner's fault and exonerating him from liability." Consequently, it would appear that, had the child been old enough to appreciate the danger, the owner would have exculpated himself under either test.
Plaintiff-appellant has forcefully argued in this case that if negligence is out for the owner of the animal, contributory negligence should be out for the victim. We point out that an owner may still be held liable for the act of a vicious animal on the basis of negligence, and if the victim should be barred from recovery in a negligence dog-bite case, we see no reason why the same bar should not be applied in a case where the fault of the owner is non-negligent fault. Were it not so, under Holland v. Buckley, supra, it could be reasonably argued that the owner of a dog inside the owner's home would be liable to a burglar or intruder. If fault of the victim is not given some reasonable and common-sense construction, such a result could conceivably result. While the opening portion of the opinion in the Holland case and other parts seemed to be concerned with innocent bystanders and dogs running loose, the full opinion appears to make no exceptions except those specifically referred to which includes fault of the victim.
*200 We are of the opinion that Mrs. Parker was at fault inasmuch as she approached the rear of the Hanks' home unannounced, she knew a dog was customarily kept on a chain, the chain ran under the door she approached and, as the trial court found, she opened the door. Accordingly, we affirm the decision of the trial court and assess the costs of this appeal to the plaintiff-appellant.
AFFIRMED.
CULPEPPER and WATSON, JJ., concur in the result.