355 So.2d 575 (1978)
Purvis HEBERT and wife, Wanda Jane Hebert, Plaintiffs-Appellees,
v.
UNITED SERVICES AUTOMOBILE ASSOCIATION, Defendant-Appellant.
No. 6316.
Court of Appeal of Louisiana, Third Circuit.
February 6, 1978.
Writ Refused February 24, 1978.
*576 Davidson, Meaux, Sonnier & Roy, L. Lane Roy, Lafayette, for defendant-appellant.
Domengeaux & Wright, William P. Rutledge, Lafayette, for plaintiffs-appellees.
Before GUIDRY, FORET and JOHNSON, JJ.
GUIDRY, Judge.
Wanda Jane Hebert, while performing her duties as a domestic maid and babysitter, sustained injuries as a result of a "slip and fall" incident involving a puddle of dishwashing liquid which had been placed on the kitchen floor by her employer's two-year-old child. Plaintiffs brought suit in tort against United Services Automobile Association (United Services), the liability insurer of the child's father,[1] for personal injuries, loss of income and medical expenses occasioned by the accident. United Services prosecutes this appeal from a judgment of the trial court in favor of plaintiffs.
The facts giving rise to this suit are not disputed and may be summarized as follows:
At the time of the accident, Mrs. Hebert was regularly employed in the home of Robert R. Bernard in Kaplan, Louisiana. Her duties included cleaning the house and taking care of the Bernard's two-year-old child, as Mr. and Mrs. Bernard were both employed outside of their home. During the day Mrs. Hebert was the only adult present with the child.
On the morning of June 23, 1975, while alone with the child at the Bernard residence, Mrs. Hebert answered a telephone call from the child's grandmother. While conversing over the telephone in the den, she observed the Bernard child squatting on the kitchen floor by the sink, squirting the contents of a bottle of dishwashing liquid onto the floor. She advised Mrs. Bernard of what had transpired, and then walked from the den into the kitchen and took the bottle away from the child. She picked him up and returned directly to the den to continue her telephone conversation.
After the conversation was completed, Mrs. Hebert put the child down and proceeded back into the kitchen in order to obtain some towels from a washing machine to clean up the spilled liquid. After re-entering the kitchen, she slipped and fell in a puddle of dishwashing liquid, located a few feet away from where she had seen the child pouring the liquid on the floor.
After trial before a jury, judgment was rendered by the district court in favor of Purvis Hebert in the sum of $2,737.53 and in favor of Wanda Jane Hebert in the sum of $28,000.00.
In seeking a reversal of the trial court's judgment, defendant-appellant contends that the decision of the trial court is erroneous in that it constitutes a misapplication of the law to the facts established at trial. More particularly, appellant contends:
(1) There was no direct negligence on the part of the child's parents.
*577 (2) Any recovery on behalf of plaintiffs is barred because of Mrs. Hebert's status as the "substitute parent" of the child in the absence of his natural parents.
(3) Plaintiffs are not entitled to recovery under LSA-C.C. Article 2318 as interpreted in Turner v. Bucher, 308 So.2d 270 (La. 1975), because the accident and ensuing injuries were occasioned as a result of Mrs. Hebert's own fault.
We consider appellant's contentions in reverse order.
Parental responsibility for tortious acts of their minor children is set forth in LSA-C.C. Article 2318 which provides as follows:
"The father, or after his decease, the mother, are responsible for the damage occasioned by their minor or unemancipated children, residing with them, or placed by them under the care of other persons, reserving to them recourse against those persons.
The same responsibility attaches to the tutors of minors."
Our Supreme Court, in Turner v. Bucher, supra, held that Article 2318 imposes strict liability on parents for the acts of their minor children if such acts would be delictual except for the child's lack of capacity to discern the consequences of his act. A parent may exculpate himself from this species of strict liability by showing that the harm was caused by the fault of the victim, by the fault of a third person, or by a fortuitous event. In restricting recovery under this article to victims who are unwarned and unsuspecting, our Supreme Court stated:
"We do not here set the standard of care to which a victim is subject with regard to such a nondiscerning person. Our holding in this case is limited to a situation such as the one before us where the victim is unwarned and unsuspecting of any impending harm from the acts of a child."
It is not disputed that the act of the Bernard child would be delictual if it were not for his tender age which renders him legally incapable of fault. Thus, in resolving appellant's contention, we regard the only relevant inquiry to be whether defendant has demonstrated sufficient substandard conduct on the part of Mrs. Hebert as to constitute "fault of the victim".
This court recently discussed the concept of "fault of the victim" in the similar context of strict liability under LSA-C.C. Article 2321 as interpreted by our Supreme Court in Holland v. Buckley, 305 So.2d 113 (La.1974). We find apropos our discussion of this matter in the case of Parker v. Hanks, 345 So.2d 194 (La.App. 3rd Cir. 1977, writ refused), in which we stated as follows:
"We feel that the concept of fault of the victim in the context of cases falling under Article 2321 as interpreted by Holland v. Buckley, supra, should be given a commonsense application.
* * * * * *
Whether fault of the victim in cases of this kind is the same as contributory negligence in fault based on negligence cases, remains to be fully developed. The trial court used the language, or terminology of, contributory negligence in holding that the owner had exculpated himself. Until the theoretical concept is worked out more precisely, we see no harm in so designating it. However, we see no need to so do. We simply hold in this case the defendant, Hanks, is exculpated by what we consider to be the fault of the victim, Mrs. Parker."
Cf. Thibo v. Aetna Insurance Company et al., 347 So.2d 20 (La.App. 3rd Cir. 1977).
In the instant case, the evidence shows that Mrs. Herbert was aware of the presence of the dishwashing liquid on the kitchen floor in that she had actually observed the child in the act of squirting the contents of the bottle onto the floor. Mrs. Hebert did not observe young Bernard with the bottle of dishwashing liquid until after she had been talking on the telephone for approximately three minutes. It is possible that he had possession of the bottle for that length of time. Mrs. Hebert admitted that when she re-entered the kitchen, she had no *578 idea whether he had poured the liquid on other areas of the floor besides in front of the sink. Although Mrs. Hebert claims she fell in a separate puddle from the one that she had observed near the sink, she candidly admitted that she did not examine the kitchen floor for other puddles of liquid. We conclude that Mrs. Hebert's conduct under the circumstances was substandard and falls within the ambit of the term "fault of the victim", thus exonerating defendant of any strict liability.
Even if the meaning which we attribute to victim fault in the context of strict liability under Turner v. Bucher, supra, is not precisely that which was intended by our Supreme Court, in any event, we find the holding of Turner v. Bucher, supra, clearly inapplicable to the instant case because of our finding that plaintiff was warned and suspecting of impending injury.
Because of our holding that the fault of Mrs. Hebert bars plaintiffs' recovery under a theory of strict liability, we find it unnecessary to reach the other issues presented by appellant. Mrs. Hebert's negligence will bar plaintiffs' recovery under any theory.
For the above and foregoing reasons, the judgment of the district court is reversed. It is hereby ordered, adjudged and decreed that there be judgment in favor of defendant-appellant, dismissing the petition of plaintiffs-appellees with prejudice. All costs at the trial level and on appeal are to be borne by plaintiffs-appellees.
REVERSED AND RENDERED.
NOTES
[1] Robert R. Bernard, the father of the child, was not made a defendant in this suit. However, any liability on the part of United Services, his insurer, must necessarily be predicated on a finding of some legal responsibility owed by Mr. Bernard to plaintiffs.