SAVOIE, Judge.
Plaintiffs-appellants appeal the trial court’s decision barring recovery for the *1195 death of their minor child. Appellants were the parents of the decedent, who drowned in a sewerage oxidation pond located on appellees’ property.
The trial court considered this matter under both ordinary negligence and strict liability.
On the question of negligence, the court concluded the defendants were negligent in failing to properly fence the oxidation pond, it being foreseeable that this kind of accident could occur. However, the court held appellants negligent in failing to provide adequate supervision for their child at the time of the accident.
On the question of strict liability, the court found the pond defective and such defect was “a” cause of decedent’s death. The defective condition resulted from improper fencing and lack of sloping sides which would aid in escaping therefrom. Further, the court held those actions constituting appellants’ contributory negligence were sufficient to constitute third party fault. Third party fault being a defense to appellees’ strict liability, recovery was denied.
The trial court noted particularly the Sullivan v. Gulf States Utilities Company, 382 So.2d 184 (La.App. 1st Cir.1980), writ denied, 384 So.2d 447 (La.1980), discussion on the underlying policy reasonings of Loescher v. Parr, 324 So.2d 441 (La.1975). As between two innocent parties, the owner or possessor of the thing should pay for any damages caused by the thing. Loescher, supra. Distinguishing the case at bar, the trial court observed two innocent parties were not involved here. Consequently, and in reliance on Sullivan, the court found the measure of conduct necessary to achieve the appellation “contributory negligence” the same as amounts to third party fault and dismissed appellants’ case.
Presently, the appellants allege: (1) they were not contributorily negligent; (2) if they were, their negligence was not a proximate cause of the injury; and (3) even if their negligence was a proximate cause of the injury, it was ordinary contributory negligence, permitting recovery under L.S. A.-C.C. 2317. Appellees’ assignments of error need not be addressed because of our disposition of this case.
At the time of the accident, decedent was 214 years old. Decedent wandered off when visiting his grandparents at their camp on the Toledo Bend Reservoir. Apparently, the decedent was missing for a short period (8-35 minutes) before a search was undertaken. Subsequently, his body was discovered in the oxidation pond.
The pond is approximately 120 yards from the gate of the fenced-in camp. Between the two lie two roads as well as a garbage dump area or, alternatively, a 3-foot fence. The oxidation pond was not visible from the camp gate.
The record establishes the area was unfamiliar to both the parents and the decedent. It was isolated and bordered on the Toledo Bend Reservoir. The day’s activities (i.e. cleaning the yard) would not have made adult supervision by either parents or grandparents impossible or inconvenient. Additionally, the gate to the camp was left open. This gate is the only non-water means through which to exit the camp property.
In light of these facts, we hold appellants were contributorily negligent and such negligence was a cause of the injury.
Appellants contend that if their negligence was a proximate cause of the injury, it was ordinary or “garden variety” contributory negligence. If correct, appellants could recover under the theory of strict liability (i.e. L.S.A.-C.C. 2317). This argument can be answered by application of the “but for” test. Sinitiere v. Lavergne, 391 So.2d 821 (La.1980).
Appellants argue that “but for” the improperly fenced pond, the child would not have drowned. The trial court concluded that “but for” the lack of supervision, the child would not have drowned. Only where the trial court is clearly wrong may we substitute our judgment for theirs. Abadie v. Morales, 391 So.2d 974 (La.App. 4th Cir.1980); Esta v. Dover Corporation, 385 So.2d *1196 439 (La.App. 1st Cir.1980), writ denied, 392 So.2d 690 (La.1980).
Therefore, we conclude appellants’ recovery is barred under the theories of ordinary negligence and strict liability because of their failure to adequately supervise the deceased child.
For the above reasons, the judgment of the trial court is affirmed. Appellants are to pay all costs.
AFFIRMED.
PONDER, J., dissents and assigns reasons.