MARVIN, Judge.
In this action for personal injury damages arising out of an elderly voter’s fall in a polling place during a 1979 state election, the third party demands of the defendant police jury (who selected the polling place) against the state and against the Parish *1142 Board of Election Supervisors (who, with others, “supervised” the election) were dismissed on an exception of no cause of action.
The police jury appeals, contending that the state constitution and statutes impose a vicarious liability upon these defendants.[1] We reverse and remand for trial.
The jury also argues that Act 790 of 1981, now LRS 9:2798, should be retroactively applicable as an interpretive, remedial law and as a codification of the existing law which would recognize the cause of action of the jury.[2]
The plaintiff in the main action alleged that the Caddo Police Jury (a defendant) selected a fire station owned by the City of Shreveport (also a defendant) as a polling place under LRS 18:533, that the place was not well lighted, that no one warned her that the floor of the voting area was about six inches lower than the other areas of the station, and that she was injured when she fell. The original plaintiff was 86 years old and later succumbed from her alleged injuries and other plaintiffs were substituted. Plaintiff alleged that the city and the police jury were at fault generally in providing a polling place that was hazardous and in failing to provide adequate lighting, personnel, warnings and other reasonable precautions to protect against the hazard.
In its third party petition, the jury alleged that the state and the Parish Board of Election Supervisors were liable because they had the legal responsibility to conduct elections and failed to promulgate standards for polling places, to instruct voting commissioners about ensuring the safety of the polling place, to properly designate the voting area of the fire station, and that they should not have allowed the use of a polling place which they knew or should have known was defective without warnings and adequate precautions.
LRS 9:2798 does not definitively answer what cause of action a plaintiff may have had independent of and before enactment of the statute. The statute provides that the state assumes the liability which the owner of the polling place might have had to a voter, other than liability arising out of the owner’s intentional acts, omissions, or gross negligence. It provides that a plaintiff shall have no right of action against the owner for the responsibility assumed by the state, but shall have a cause of action and a right of action against the state.
Obviously, the intent and purpose of the statute is to encourage an owner to permit private property to be used as a polling place by granting the owner some immunity from actions for personal injury damage brought by persons who exercise their franchise. As to the liability deriving from the owner and assumed by the state, the statute is obviously substantive and should not be retroactively applied. CC Art. 8. See Fullilove v. U.S. Casualty Company of New York, 129 So.2d 816 (La. *1143 App.2d Cir.1961); Dripps v. Dripps, 366 So.2d 544 (La.1978).
The statute does not purport to address whether the state may be liable for its independent fault arising out of a circumstance where the owner could be at fault or vicariously liable, other than in the provision that the state does not assume the responsibility for the owner’s gross negligence or intentional acts or omissions.[3]
The election statutes do not impose duties on the parish police jury other than to establish and publish the location of one polling place for each precinct. LRS 18:533 A, in part. This responsibility is apparently exclusive to the police jury and the statutes do not contemplate any consultation by, or approval by, the state or the Parish Board of Election Supervisors about the establishment or location of the polling place that is made by the police jury.
The statute expressly requires that the polling place be “suitable”, which in the context used, must mean reasonably accessible to the public, convenient, safe, and fit for the purpose for which it was selected, that is, for use as a polling place in an election. Certainly when all other factors of liability are present, the police jury may be found liable to a citizen who participates in the election process when it selects a polling place that is “defective” (CC 2317, 2322) or that exposes the citizen to an unreasonable risk of harm as is here alleged (CC Art. 2315).
Other officials and agencies such as the secretary of state, the commissioner of elections (formerly the custodian of voting machines), the parish board of election supervisors, the registrar of voters, and the clerk of court are directed to perform various duties relative to the preparation and installation of voting machines, to the equipping and preparing of the polling place, training and appointing the commissioners conducting the election, and tabulating and reporting the election results. See generally, La. Election Code, LRS Title 18.[4]
Because the state and the parish board have no control over the selection of the polling place under the statutory scheme, should it follow that these entities can be found to have no responsibility or duty to the citizen who participates in the election? We think not, especially when we consider that all citizens of whatever circumstance or disability are encouraged to register to vote and to exercise their constitutional franchise.
Once the polling place is selected, the agencies and officials who are charged with the equipping and preparing of that place for the election and with the conducting of the election become custodians of that place at least on the day of the election. See Footnote 4.
Notwithstanding the negligence of a police jury in selecting a polling place, those who conduct an election, as custodians of the polling place, may be found liable to *1144 citizens who use the place for the purpose intended if the place is found “defective” and causes injury. CC 2317 as recently interpreted. See Malone, 42 La.L.R. cited in footnote 3. Moreover, a custodian should be found to owe a duty to warn those citizens who use the thing about the risks of harm that are inherent in the use of a thing. This calls into question the reasonableness of the acts or omissions of the custodian with respect to the particular plaintiff, traditionally the “negligence” of the custodian. CC 2315. See Malone, supra, 42 La.L.R. 979; Sullivan v. Gulf States Utilities Co., 382 So.2d 184 (La.App. 1st Cir.1980).
The factual allegations here made state a cause or causes of action against the state and the board which, if proved, may support a finding of liability to the voter which would legally benefit the third party petitioner police jury. This liability may arise out of the third party defendants’ custody of a defective thing or out of defendants’ failure of the duty to warn the particular plaintiff of the existence of the variance in floor level. The police jury should be allowed the opportunity to present evidence on the issues raised. Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975).
At appellees’ cost, the judgment appealed is reversed, the exception of no cause of action to the third party petition of the police jury is hereby overruled, and the case is remanded for further proceedings.
REVERSED, RENDERED, AND REMANDED.

. The constitution provides in part:
“The secretary of state .. . shall be the chief election officer of the state ...” LSA-Const. Art. 4, § 7
“The legislature ... shall provide ... for the conduct of all elections.” LSA-Const. Art. 11, § 1
The statutes provide in part:
“The parish board of election supervisors shall supervise ... the conduct of all elections held in the parish.” LRS 18:423, in part.
“The governing authority of each parish shall establish one polling place for each precinct.” LRS 18:533 A, in part.

. This statute reads:
“A. Except as provided in Subsection B of this Section, the state of Louisiana hereby assumes responsibility and liability for any injury to a person or damage to property which occurs upon property used for a polling place during the time for which the property is used and for which the owner of the property would be liable except for the provisions of this Section. The person suffering such injury or damage shall have no right of action against the owner, but shall have a cause of action and a right of action against the state for such injury or damage.
“B. The state does not assume any responsibility for, and shall not be liable under Subsection A for, any injury or damage caused by the gross negligence of the owner or by any acts or omissions to act by the owner which were intentionally designed to cause harm.”

. We suppose that an owner could be grossly at fault in knowingly allowing the structure of his building to deteriorate and expose any occupant of the building to serious harm, that this structural deterioration might not be discoverable upon reasonably simple inspection, and that no one conducting the election process or selecting the building was warned by the owner of the risk. Superficially, and only superficially, was the building safe. See Malone, Ruminations on Liability for the Acts of Things, 42 La.L.R. 979, 994 (1982).

. The secretary of state is the chief election officer and is responsible for the performance and non-performance of the duties of his office by his employees. § 421. He furnishes the election materials. § 423 F. The board is obligated to supervise the preparation for and the conduct of the election in its parish. § 423 B. One member of the board is appointed by the governor of the state § 423. The board appoints the election commissioners, who in turn are required to maintain order (§ 425 C) and who may summon and direct law enforcement officers at the polling place for this purpose. § 428.
The state pays the costs of state elections from funds appropriated to the secretary of state and voting commissioner. These costs include the costs of publicizing the location of the polling places and the costs of renting, equipping, and preparing polling places. §§ 404, 435, 533 B(2), 533 D. In purely local elections, and not state elections, the costs are paid by the municipality or the parish body for whom the election is held. § 404.