571 So.2d 216 (1990)
Nidia KENNEDY, Plaintiff-Appellee,
v.
LAFLEUR'S FRIED CHICKEN, et al., Defendants-Appellants.
No. 89-715.
Court of Appeal of Louisiana, Third Circuit.
December 12, 1990.
Michael L. Leger, Opelousas, for plaintiff-appellee.
Plauche, Smith & Nieset, Jeffery M. Cole, Lake Charles, for defendants-appellants.
Before GUIDRY, FORET and KING, JJ.
FORET, Judge.
This is an action for worker's compensation benefits brought by Nidia Kennedy, plaintiff-appellee herein, as a result of a back injury she sustained on April 1, 1986, while employed by Lafleur's Fried Chicken *217 and Dairy Delight, defendant-appellant herein. Commercial Union Insurance Company, Lafleur's worker's compensation insurer, is an additional named defendant.
After trial on the merits, the trial court held in favor of Kennedy and awarded her medical and temporary total disability benefits of $72.67 per week from October 26, 1988, the day on which Lafleur's discontinued payment of her benefits, continuing through her disability.
Additionally, the trial court awarded Kennedy statutory penalties of 12% on all past due compensation and attorney's fees in the amount of $7,500. Lafleur's and Commercial Union appeal, assigning the following as error:
1. The trial court erred in denying appellants' motion to compel a medical examination.
2. The trial court erred in awarding Kennedy temporary total disability benefits.
3. The trial court erred in finding that appellant, Commercial Union, was arbitrary and capricious in terminating Kennedy's worker's compensation benefits.
4. The trial court erred in awarding excessive attorney's fees of $7,500.00.
Appellants assign as error several additional issues based upon the trial court's reasons for judgment rather than the actual judgment.
"[A]ppeals are taken from adverse judgments, not opinions. `The trial court's written reasons, while defining and elucidating the principles upon which he is deciding a case, form no part of the official judgment he signs and from which appeals are taken.' Sullivan v. Gulf States Utilities Company, 382 So.2d 184 (La.App. 1st Cir.1980), writ denied, 384 So.2d 447 (La.1980)."
Keys v. Box, 476 So.2d 1141, 1149 (La. App. 3 Cir.1985). Therefore, these assignments are not properly before us insofar as they do not raise an error in the lower court's judgment and are not discussed herein.
By their first assignment of error, appellants contend that the trial court erred in refusing to order Kennedy to submit to a medical examination. We agree and, accordingly, reverse the trial court's judgment and remand for a new trial.
La.R.S. 23:1121 A sets forth the following regarding an employer's right to have an injured employee examined by a physician of the employer's choice:
"A. An injured employee shall submit himself to an examination by a duly qualified medical practitioner provided and paid for by the employer, as soon after the accident as demanded, and from time to time thereafter as often as may be reasonably necessary and at reasonable hours and places, during the pendency of his claim for compensation or during the receipt by him of payments under this Chapter. The employer or his worker's compensation carrier shall not require the employee to be examined by more than one duly qualified medical practitioner in any one field or specialty unless prior consent has been obtained from the employee."
The record clearly reflects that the appellants were not dilatory in seeking relief. On February 2, 1989, appellants moved the court for an order compelling Kennedy to submit to a medical examination by an orthopedic or neurosurgeon of appellants' choosing. This request came approximately six weeks prior to the trial, which was held on March 17, 1989. A rule to show cause was heard on February 3, 1989. However, the matter was taken under advisement. Although reasons for judgment on the rule were filed March 10, 1989, a judgment on the rule was not rendered until April 27, 1989, after the matter was heard on its merits. The trial court's failure to rule on appellants' motion until after trial on the merits prejudiced the appellants in their defense of this litigation. As such, a reversal of the trial court's judgment and a remand for a new trial is warranted. See La.C.C.P. art. 2164.
Due to our holding on this issue, we need not determine the merit as to appellants' other assignments of error.

*218 CONCLUSION
Based upon the foregoing, the judgment of the trial court is reversed and this matter is remanded to the trial court with instructions to have this matter set for a new trial. Plaintiff-appellee, Nidia Kennedy, is cast with costs of this appeal. Costs at the trial level shall await final disposition of this matter.
REVERSED AND REMANDED.