348 So.2d 708 (1977)
Flora KORVER
v.
The CITY OF BATON ROUGE, Through the DEPARTMENT OF PUBLIC WORKS et al.
No. 11410.
Court of Appeal of Louisiana, First Circuit.
July 11, 1977.
*709 L. D. Sledge, Baton Rouge, of counsel, for plaintiff-appellant Flora Korver.
Sam A. Bacot, Baton Rouge, of counsel, for defendant-appellee City of Baton Rouge through Dept. of Public Works.
Ashton L. Stewart, Baton Rouge, of counsel, for defendant-appellee Mrs. Ellen Bryan Moore.
Before LANDRY, EDWARDS and COLE, JJ.
EDWARDS, Judge.
This is a suit by Flora Korver to recover damages for personal injuries sustained in a trip and fall accident on a public sidewalk. Named as defendants are the City of Baton Rouge, the Parish of East Baton Rouge and the abutting property owner, Ellen B. Solomon Moore.
After trial on the merits, judgment was rendered in favor of the defendants dismissing the plaintiff's suit. From this judgment, plaintiff has appealed.
The accident occurred about 10:30 p. m. on October 22,1974, on a sidewalk adjoining an apartment building, owned by defendant Moore, located at 2202 South 22nd Street in the city of Baton Rouge.
Plaintiff had just returned to the apartment building following a date and had been "let out" of a vehicle by her escort. As the vehicle pulled off, plaintiff, standing on the sidewalk, realized that she had left her purse in the car. She called out to her date, and he stopped his vehicle about one car's length from where the plaintiff was standing. As plaintiff walked to the car to retrieve the purse, she stumbled on a cracked portion of the sidewalk which had been pushed up approximately two inches by a root from a large oak tree located alongside the walk on Mrs. Moore's property. Plaintiff fell forward, struck her chin and mouth on the concrete, and fractured several teeth.
The trial judge stated in his written reasons that the crack in the sidewalk was caused by the roots from the oak tree and constituted an obvious defect. However, the trial court held, citing Youngblood v. Newspaper Production Co., 135 So.2d 620 (La.App. 2nd Cir. 1961) and Toppi v. Arbour, 119 So.2d 621 (La.App. 1st Cir. 1960), that Mrs. Moore, the abutting property owner, was under no duty to repair or maintain the public sidewalk and was therefore, not liable to persons injured by defects in or obstructions on the sidewalk. Further, the court held that under the city-parish plan of government and Toppi v. Arbour, above, the parish and not the City is responsible for the maintenance of the sidewalks in the City of Baton Rouge. Accordingly, the City may not be held liable for injuries sustained in accidents resulting from the failure to repair and maintain the City's sidewalks. But, the court held that the Parish was negligent in failing to remedy the obvious defect in the sidewalk.
The court then stated:
"It appears that while Miss Korver had visited the apartment on two or three occasions where her sister resided, for all practical purposes she was not extremely familiar with the area, particularly concerning the existence of the defect at issue. However, considering the reasonable good lighting conditions which prevailed *710 at the time, the Court finds that had she been giving any care and attention toward the area where she was walking she would have been able to avoid the crack and would not have fallen. Her failure in this respect constitutes contributory negligence barring her claim."
The central issue presented for review is the contributory negligence, vel non, of the plaintiff.
The standard of care which must be exercised by pedestrians on public sidewalks is succinctly stated in White v. City of Alexandria, 216 La. 308, 43 So.2d 618, 620 (1949), as follows:
". . . Such ways of passage are intended for public use, of course, and a pedestrian is entitled to assume that they are not dangerous. Further, he is not required to constantly observe the surface of the walk or to exercise the care that would be necessary in traversing a jungle. However, he cannot be completely oblivious of its condition; he must exercise ordinary care when using it, having in mind the well recognized fact that throughout every city of any size in this state there exist irregularities in the walkways brought about by natural causes such as rains, expansion, soil erosion and tree roots."
The trial court found that the elevated portion of the sidewalk was an apparent defect. He further found, based on "the testimony of the respective witnesses, as well as a personal on the scene inspection made at night" that the area of the accident was sufficiently well lighted that a person exercising reasonable care would have seen the crack, avoided it, and would not have fallen.
Plaintiff contends that the trial court's finding that the area was well lighted is not supported by the evidence; and that it was error for the trial judge to rely upon his "on the scene" observations [1] in determining the lighting conditions of the accident area.
An examination of the record indicates that there is sufficient independent evidence contained in the testimony of the witnesses to support the factual finding that the accident area was well lighted. Accordingly, we do not reach the propriety of the trial judge's "on the scene" inspection.
The record discloses that there is a street light on the northside of Government Street which is approximately 125 feet from the broken sidewalk. There is another street light located on the same side of South 22nd Street as the accident and about 75 feet from the broken sidewalk. Additionally, the apartment building has a small porch-type light a short distance from the broken concrete.
Ken Chandler, a senior at the LSU School of Architecture, testified that he observed the accident scene and prepared a plat or diagram, which was admitted into evidence, depicting the area of plaintiff's fall. He also testified, based on his personal observation of the scene, that the crack in the sidewalk was well illuminated by both street lights in the vicinity. He also stated that even at ground level there was sufficient illumination. He stated that he got down on the ground and held his head against the crack. From this position, he stated that he could see the entire glow of the street light.
Ann Smith, a tenant in the same apartment building that plaintiff was entering, testified that she had lived in the building for over eight years and had often walked along that sidewalk at nighttime. She stated that there was "plenty of lighting" along the sidewalk from the two street lights. She also stated that she had observed strangers and non-tenants using the sidewalk on numerous occasions and that she has never heard of anyone falling.
Both Haywood Moore and his wife, the defendant, Mrs. Moore, testified that there is ample lighting on the sidewalk to enable pedestrians to see the crack in the sidewalk. Both testified that no one had previously tripped over the cracked sidewalk.
*711 John Dupont, plaintiff's date on the night of the accident, testified that the area of the accident was dark, though not in total darkness. He stated that in his opinion the area was insufficiently lighted.
The plaintiff, Flora Korver, also testified that the area was dark, but not total blackness. However, she stated that there was enough light for a person looking at the surface of the sidewalk to observe the crack. In fact, she stated: "If I had looked directly down, I probably would have been able to see it (the defect)."
The trial court concluded based on the foregoing testimony that the area of the accident was sufficiently lighted that a person exercising reasonable care would have seen the defect in the sidewalk. We find ample support for this finding in the record. Additionally, we agree that the failure of the plaintiff to observe the cracked sidewalk was due to her inattentiveness to where she was walking. This inattention constituted contributory negligence which is a bar to her claim.
Plaintiff also contends that the abutting property owner should be held liable under the principles of LSA-C.C. art. 2317 as interpreted in Loescher v. Parr, 324 So.2d 441 (La.1975). We do not reach this contention in view of our above holding regarding plaintiff's contributory negligence as Loescher recognizes that liability can be avoided by a showing that the damage was caused by the fault of the victim. See Woodward v. First of Georgia Ins. Co., 333 So.2d 709 (La.App. 2nd Cir. 1976), writ denied 338 So.2d 295 (La.).
For the reasons assigned, the judgment appealed is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] We note that the trial judge visited the scene at the request of counsel for plaintiff, who now attacks his visit as error. See p. 126 of the trial transcript.