398 So.2d 634 (1981)
Susan Daniel MILLER, Plaintiff-Appellant,
v.
FOGLEMAN TRUCK LINES, INC. et al, Defendants-Appellees.
No. 8051.
Court of Appeal of Louisiana, Third Circuit.
April 15, 1981.
Writ Denied June 5, 1981.
*635 Gist, Methvin, Hughes & Munsterman, DeWitt T. Methvin, Jr., Alexandria, for plaintiff-appellant.
Stafford, Stewart & Potter, Grove Stafford, Jr., Alexandria, for defendants-appellees.
Before CULPEPPER, FORET and STOKER, JJ.
FORET, Judge.
Susan Miller (Plaintiff) brought this wrongful death and survival action to recover damages she sustained and for personal injuries suffered by her husband, David Miller, who died as a result of a vehicular collision. Defendants are Harvey Delling, the driver of the other vehicle, and his employer, Fogleman Truck Lines, Inc. (Fogleman), the owner of that vehicle, together with the Empire Fire and Marine Insurance Company (Empire), their automobile liability insurer. The Procter and Gamble Manufacturing Company (Procter and Gamble) was also named as a defendant, but plaintiff voluntarily dismissed her action against it prior to trial.
The action was tried by a jury which returned a unanimous verdict in favor of the remaining defendants. Plaintiff appeals and presents two issues:
*636 (1) Whether the instructions given by the trial court to the jury were so inadequate and erroneous as to preclude the jury from returning a proper verdict; and
(2) Whether the jury's finding in favor of defendants on the issues of negligence and strict liability is manifestly erroneous.

FACTS
David Miller, plaintiff's decedent, died as a result of injuries sustained in a vehicular collision which occurred on January 31, 1979, at approximately 7:05 P.M. The accident happened near the intersection of U.S. Highway 165 and La. 116 just north of Pineville, Louisiana, in Rapides Parish. That intersection is controlled by a set of three phase, semaphore traffic lights.
Harvey Delling was driving a ten-wheel truck-tractor without a trailer and was north-bound on U.S. 165 as he approached the above mentioned intersection. The approach from the south on U.S. 165 consists of a hill located about a quarter of a mile before the intersection, which gently slopes down toward the intersection, and the roadway, which is relatively straight. The entrance to a soap manufacturing plant owned by Procter and Gamble is located at the intersection and Delling had brought his truck to a near stop intending to turn left into the plant.
David Miller, meanwhile, was also north-bound on U.S. 165 behind Delling. Miller topped the hill as he approached the intersection from the south and, apparently, failed to see Delling's truck in time to stop. Miller's automobile slammed into the rear of Delling's truck and knocked it some thirty-six feet, even though the truck's brakes locked upon impact. The front end of Miller's automobile was severely damaged and he was pronounced dead at the scene by the coroner.
Plaintiff alleges that defendants had been negligent in allowing an improperly maintained vehicle to travel on the highways. Plaintiff further alleged that there were no operable tail lights on the truck and that this constituted a defect which created an unreasonable risk of harm to others. Therefore, plaintiff also sought to hold defendants strictly liable for her damages. The action was tried before a jury which returned a verdict in favor of defendants. The trial court, pursuant to the jury's verdict, rendered judgment dismissing plaintiff's action and plaintiff was granted a devolutive appeal from that judgment.

JURY INSTRUCTIONS
Plaintiff contends that it was error for the trial court to refuse to instruct the jury that the mere fact that a driver runs into the rear of another vehicle does not mean that he is automatically negligent.
In a jury trial, the judge is not required to give the precise instructions submitted by either party, but he must give instructions which properly reflect the law applicable in light of the pleadings and facts in each particular case. If instructions concerning negligence and liability are confusing or misleading, or omit an applicable essential legal principle, such instructions constitute reversible error. Gonzales v. Xerox Corporation, 320 So.2d 163 (La. 1975); Beck v. Lovell, 361 So.2d 245 (La. App. 1 Cir. 1978), writ denied, 362 So.2d 802 (La.1978).
The record indicates that the trial court did instruct the jury in the following manner, which we find adequately protected the plaintiff from any pre-conceived notions the jurors may have had with respect to the negligence of the driver who runs into the rear of another vehicle. That instruction was given as follows:
"Now, the mere fact that an accident has happened is not proof of negligence. Negligence is a question of fact and it is fundamental in the law that those who allege negligence must prove it. Therefore, the question of whether the defendant was negligent, as well as the question of whether David Miller was independently or contributorily negligent, are questions of fact which you must decide in light of all of the evidence, keeping in *637 mind the legal principles I shall explain to you and which may or may not be applicable depending upon your determination of the facts."
Plaintiff also objects to the failure of the trial court to instruct the jury concerning the presumption of self-preservation accorded a deceased. The presumption that an individual acted with due care for his own safety is only applicable where there are no eyewitnesses. Callahan v. Town of Bunkie, 287 So.2d 629 (La.App. 3 Cir. 1973), writ refused, 290 So.2d 905 (La. 1974). We find that the presumption is inapplicable in the case before us as there were three eyewitnesses to the accident who testified at the trial of this matter.
Plaintiff's last contention is that the trial court erroneously instructed the jury on the defense of "fault of the victim" to strict liability when it charged the jury as follows:[1]
"Now, a defense which the law permits a person in custody of a thing which poses an unreasonable risk of harm to raise is that the injured person was himself at fault and therefore helped cause his own injury. If you conclude that David Miller's conduct in this instance was a substantial deviation from the conduct we would normally expect of a reasonably prudent person, then you must return a verdict for the defendant. On this defense, the defendant has the burden of proof and must convince you by reasonable preponderance of the evidence that David Miller acted in the manner I have just described."
Plaintiff argues that this instruction sets out the law with respect to the defense of "contributory negligence" rather than "fault of the victim" and is erroneous since the contributory negligence of the plaintiff is no defense to strict liability.
This Court has had no occasion to discuss the defense of "fault of the victim" to strict liability under LSA-C.C. Article 2317,[2] but, we have discussed the defense under several other articles which impose strict liability.
We found no harm in the trial judge's use of contributory negligence terminology in finding that the victim's fault exculpated the defendant from liability under LSA-C.C. Article 2321 (which imposes strict liability for damage caused by animals) in Parker v. Hanks, 345 So.2d 194 (La.App. 3 Cir. 1977), writ refused, 346 So.2d 224 (La. 1977). Subsequently, we considered the defense of victim's fault under LSA-C.C. Article 2318 (which imposes strict liability for the acts of minors) finding that the plaintiff who failed to look for puddles of dishwashing liquid upon entering a kitchen after she had observed a child squirting the liquid on the floor and slipped in a puddle exhibited sufficient substandard conduct to amount to victim's fault. See Hebert v. United Services Automobile Association, 355 So.2d 575 (La.App. 3 Cir. 1978), writ denied, 356 So.2d 1002 (La.1978).
We have also considered the defense of "third party fault" under LSA-C.C. Article 2317 and have found that such fault must be a substantial cause of the accident to give rise to the defense. Panek v. Gulf *638 Insurance Company, 341 So.2d 46 (La.App. 3 Cir. 1976); Kasperski v. Patterson Services, Inc., 371 So.2d 1254 (La.App. 3 Cir. 1979), writ denied, 373 So.2d 530 (La.1979).
Adequate instructions are those instructions which fairly and reasonably point up the issues presented by the pleadings and evidence and which provide correct principles of law for the jury's application thereto. Bienvenu v. Angelle, 254 La. 182, 223 So.2d 140 (1969); Hanks v. Drs. Ranson, Swan & Burch, Ltd., 359 So.2d 1089 (La. App. 3 Cir. 1978), writ denied, 360 So.2d 1178 (La.1978). The charge given the jury by the trial judge was to the effect that David Miller's conduct would have to amount to a substantial deviation from the conduct of a reasonable, prudent person to constitute "fault of the victim".
We hold that the trial judge's instructions adequately explained to the jury the meaning of "fault of the victim" in light of the jurisprudence.

DEFENDANTS' NEGLIGENCE
This Court is once again faced with the problem of attempting to determine exactly what findings were made by a jury, for purposes of review, because of the form used by the jury in returning its verdict.[3]
Plaintiff argues that the jury committed manifest error in finding for defendants and that the jury's basis for such a finding must have been that David Miller was guilty of contributory negligence. Plaintiff then argues that there was no evidence presented to the jury upon which it could base such a finding and, therefore, it committed manifest error in doing so.
Our review of the record discloses no support for plaintiff's argument that the jury reached the issue of contributory negligence after finding defendants guilty of negligence. There were sharp conflicts in the testimony given by some of the eyewitnesses to the accident. Harvey Delling (the driver of the truck) testified that he had fixed lights on the truck prior to leaving Fogleman's yard on a run to the Procter and Gamble plant. Yet, Henrietta Rambo, an eyewitness traveling in the opposite direction from Delling, testified that she looked back after passing the truck and saw no tail lights on it. One witness testified that he heard decedent slam on his brakes immediately before the collision, while another witness testified that he could see no indication from decedent's vehicle that its brakes had been applied.
The evidence does establish that for a distance of approximately a quarter of a mile, decedent had a clear and unobstructed view of the highway leading up to and beyond the intersection where the collision occurred. Further, a witness traveling behind the decedent stated that he could see defendants' truck as soon as he topped the hill and that he could see the left-turn indicator on the truck operating. There were two lights located off of the highway right-of-way at the entrance to the Procter and Gamble plant and the color of the truck was white, although it had a lot of dirt on it.
We hold that there was evidence before the jury which, upon its reasonable evaluation of credibility, furnished a reasonable factual basis for its finding in favor of defendants and our review of the record establishes that this finding is not clearly wrong. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Our holding is the same whether the basis of the jury's finding is no negligence on the part of the defendants or that plaintiff's decedent was guilty of contributory negligence.

STRICT LIABILITY
Plaintiff contends that the jury committed manifest error in finding no defect in *639 the truck which created an unreasonable risk of harm to others or that the defense of "fault of the victim" was available to defendants.[4] Plaintiff attempted to hold the defendants liable under LSA-C.C. Article 2317[5] and argued that the evidence established that the tail lights on the truck were inoperable at the time of the accident. Again, there was conflicting testimony presented to the jury as to the presence or absence of tail lights on the truck and whether they were operating at the time of the accident.
It is well settled that credibility evaluations in the face of conflicting testimony are the province of the finder of facts, and an appellate court may not reverse them in the absence of manifest error. See Canter v. Koehring Company, supra, its predecessors cited therein, and its progeny.
The evidence does indicate that the collision was an extremely violent one that totally destroyed the front end of the automobile driven by plaintiff's decedent. Further, the automobile struck the rear of the truck with such force that it smashed the air brake drums and broke the rear axle and a torsion bar, and shoved the truck thirty-six feet.
Defendants argue that the tail lights were located on two brackets at the rear of the truck at the point where it was struck. They presented photographs of the scene which revealed the presence of debris strewn all over the highway at the collision site. They argue that no tail lights were found on the truck after the accident, but, considering the severity of the collision, this is understandable. We agree.
The state policeman who investigated the accident testified that he saw no indication of any tail lights on defendants' truck. However, he also testified that he was unable to determine whether the car driven by plaintiff's decedent had any head lights because of the damage it received in the collision.
We hold that the record establishes that the jury's findings in favor of defendants on the issue of strict liability is not clearly wrong. Arceneaux v. Domingue, supra; Canter v. Koehring Company, supra. Our holding is the same whether the jury's finding is based on the absence of any defect in the truck or that plaintiff's decedent was at fault in causing the collision.
For the above and foregoing reasons, the judgment of the trial court is affirmed.
All costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.
NOTES
[1] The instruction given by the trial court on this point of law is almost verbatim recital of the model jury instruction set forth in 2 La. Jury Instructions: Civil, Johnson, 307, which reads:

"One of the defenses which the law permits a person in custody of a thing which poses an unreasonable risk of harm to raise is that the injured person was himself at fault and thereby helped cause his own injury. If you conclude that the plaintiff's conduct in this incident was a substantial deviation from the conduct we would normally expect of a reasonably prudent person, or that the plaintiff fully understood the danger which was involved and then voluntarily exposed himself to the danger, then you must return a verdict for the defendant.
On this defense, the defendant has the burden of proof, and must convince you by a reasonable preponderance of the evidence that the plaintiff acted in the manner I have just described."
[2] The First Circuit has found that the substandard conduct necessary to be considered contributory negligence is in some cases sufficient to amount to victim's fault under LSA-C.C. Article 2317. See Korver v. City of Baton Rouge, Etc., 348 So.2d 708 (La.App. 1 Cir. 1977); Sullivan v. Gulf States Utilities Company, 382 So.2d 184 (La.App. 1 Cir. 1980).
[3] The verdict form provides, in pertinent part, that:
" VERDICT
WE, THE JURY, FIND FOR:
 THE PLAINTIFF________
 THE DEFENDANTS &check;"

There are no indications of any other findings which may have been made by the jury in the record.
[4] The verdict form used by the jury again presents a problem here since there is no indication as to whether the jury found strict liability against defendants or the presence of the defense of "fault of the victim" which was available to defendants. See Footnote # 3, supra.
[5] "Art. 2317. Acts of others and of things in custody

Art. 2317. We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications."