ELLIS, Judge:
Plaintiff Huey Lambert brings this appeal from a summary judgment dismissing his tort action against John W. McReynolds, doing business as Wes Mac Equipment Company, Wes Mac, Inc., and Hartford Accident and Indemnity Company, their insurer.
Prior to trial, defendants moved for summary judgment on the merits, attaching to the motion plaintiff’s deposition and the deposition of Mr. McReynolds. They argue that, accepting everything plaintiff says therein as true, he is barred from recovery.
From the record we find that, shortly before the accident, Wes Mac moved its place of business to Red Cypress Road. A large amount of dirt fill was dumped and spread in the areas around the building. A few days before the accident there was a heavy rain, and the dirt was reduced to mud, which was soft and slippery. It was impossible for vehicles to enter the yard, and boards were laid to provide access for pedestrians from the road to the building. Plaintiff testified that he had been to the Wes Mac site on several occasions on business, and was familiar with the condition of the yard when wet.
On the day of the accident, plaintiff had an appointment to meet someone at Wes Mac in the morning. He did not arrive until after noon. He parked his car at the road, and walked back to the building. He testified that he found the board walk too slippery, and walked in the mud beside it. He found the front door of the building locked, so he walked around the side of the building to the side doors, to see if anyone was in the back. He testified that the mud was thick and slippery and he steadied himself by placing his hand on the building. He looked through the doors and saw no one in the back. Mr. Lambert then decided to cut across the yard to his car, because he said, it appeared to be less dangerous. About half way across he came to a clump of mud which was higher than the surrounding mud, and which seemed to be drier. He stepped on it, slipped and fell, breaking his ankle. He testified that the *158 mud concealed a board which someone had placed there.
Defendants argue that plaintiff was quite familiar with the conditions in the yard, and was either contributorily negligent or assumed the risk of the hazard presented by the muddy conditions. The trial judge agreed, finding that there was little point in trying a suit in which plaintiff was barred from recovery by his own testimony.
In this court, plaintiff argues that summary judgment is not an appropriate remedy for a decision of a case on its merits.
In Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976), the court said:
“When the evidence submitted on the motion leaves no relevant, genuine issue of fact, and when reasonable minds must inevitably conclude that the mover is entitled to judgment on the facts before the court, the motion for summary judgment should be granted (C.C.P. 966), even if the defense is contributory negligence.”
In this case, we agree with the trial judge that plaintiff’s own testimony shows that he was aware of the dangerous condition resulting from the mud in Wes Mac’s yard, but entered and walked around the building and started across the yard. It is settled law that “a landowner is not liable for an injury resulting from a condition .... which was as obvious to a visitor as to the landowner.” Vidrine v. Missouri Farm Ass’n., 339 So.2d 877 (La.App.3rd Cir. 1976).
We find that, under the circumstances of this case, summary judgment is an appropriate remedy, and that the undisputed material facts of the case clearly demonstrate that plaintiff was guilty of contributory negligence.
The judgment appealed from is therefore affirmed, at plaintiff’s cost.
AFFIRMED.