411 So.2d 1206 (1982)
Stewart M. CARPENTER
v.
STATE FARM FIRE AND CASUALTY COMPANY, David P. Johnson and the City of New Orleans.
No. 12363.
Court of Appeal of Louisiana, Fourth Circuit.
March 9, 1982.
Rehearing Denied April 16, 1982.
*1208 Marvin C. Grodsky, New Orleans, for plaintiff-appellant.
C. Gordon Johnson, Jr., Roma Caramanica, Porteous, Toledano, Hainkel & Johnson, Salvador Anzelmo, City Atty., Herman L. Bastian, Jr., Deputy City Atty., New Orleans, for defendants-appellees.
Before GARRISON, AUGUSTINE and WARD, JJ.
AUGUSTINE, Judge.
This case concerns the efforts of plaintiff Stewart M. Carpenter to recover damages from the City of New Orleans and from David P. Johnson and his insurer, State Farm Fire and Casualty Company, for injuries suffered as a result of a fall while walking on the sidewalk abutting Johnson's property on August 28, 1978.
Since 1970 or thereabout, a problem common to most property owners in the Tall Timbers subdivision was the growth or formation of a certain algae on the City's sidewalks. This condition was readily apparent as a rusty discoloration running in streaks across the pavement, and seemed to have its source on the abutting landowner's property. The substance posed a hazard to pedestrians, especially when heavy rains nurtured its growth and caused it to become a slimy, very slippery film.
So pervasive was this condition that a neighborhood association circulated leaflets advising Tall Timbers residents in the various methods to combat the problem. None of the remedies proved to be effective for any length of time. Some residents even resorted to sandblasting, with no real success.
On August 28, 1978, at about 9:00 P.M., plaintiff took his dog out for the nightly walk along the usual route. After a while, Mr. Carpenter saw two neighbors also walking their dog (a large one) in his direction. Rather than allow a mismatched confrontation between his dog and theirs, Mr. Carpenter crossed his dog to the other side of the street.
Although the rain which had been falling steadily for three days had stopped by the time Mr. Carpenter set out for the short walk, the sidewalks and streets were still wet, so that when the plaintiff came to the sidewalk in front of defendant Johnson's house, the glare or reflection of standing puddles obscured the presence of the slimy substance which streaked Johnson's pavement.
Carpenter slipped on the slime, falling flat on his back and breaking his pelvis.
Plaintiff sued the City of New Orleans, the abutting property owner Johnson and his insurer, alleging as to each defendant breach of duty under the general law of negligence and under Art. 2317 of the Louisiana Civil Code.
Following trial on the merits, both defendants were exonerated by the finding that neither of them was negligent.
We affirm that result, but find that as to the defendant City of New Orleans, acquittal rests upon grounds different from those recognized by the trial court.

LIABILITY OF THE CITY
Insofar as the trial court's judgment was predicated upon a finding that the City was not guilty of negligence, it is incorrect. The City's liability must be analyzed according to the principles of strict liability, applicable to this case by virtue of Louisiana Civil Code Article 2317:
"We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody."

In defining the nature of "fault" which Art. 2317 seeks to remedy, Loescher v. Parr, 324 So.2d 441, 446 (La.1975) stated:
"When harm results from the conduct or defect of a person or thing which creates an unreasonable risk of harm to others, a person legally responsible under these code articles for the supervision, care or *1209 guardianship of the person or thing may be liable for the damage thus caused, despite the fact that no personal negligent act or inattention on the former's part is proved. The liability arises from his legal relationship to person or thing whose conduct or defect creates an unreasonable risk of injury to others."
In a word, the species of "fault" contemplated by Art. 2317 is that of strict liability.[1]
The application of Art. 2317 to the plaintiff's case against the City is inescapable, as he has proved that the unreasonably defective thing which caused the damage (the slimy sidewalk) was in the City's custody. Korver v. City of Baton Rouge, 348 So.2d 708 (La.App. 1st Cir. 1977). The plaintiff has established a prima facie case.
However, the defendant City has affirmatively pleaded the defenses of assumption of risk and contributory negligence on the part of the plaintiff.
While it is universally held that assumption of risk is indeed a defense to a cause of action in strict liability, we find no assumption of risk in the present case. As it has been traditionally explained, "The essence of assumption of risk is twofold: first, knowledge and appreciation of a danger, and second, a voluntary encountering of it." Crowe, The Anatomy of a Tort, 22 Loyola L.Rev. 903, 915 (1976); Prosser, Law of Torts, 4th Ed. (1971).
"The determination of whether a plaintiff has assumed a risk is made by subjective inquiry, whereas contributory negligence is determined objectively under the reasonable man standard." Langlois v. Allied Chemical Corp., 258 La. 1067, 249 So.2d 133, 141 (1971); Restatement (Second), Torts, Sect. 496 (1965).
We must accept as true the trial court's finding that plaintiff had no actual knowledge of the defective condition of the sidewalk in front of defendant Johnson's house. The City, however, would have us impute to the plaintiff Carpenter actual knowledge of that specific defective condition on the basis of his prior observations that many sidewalks in the Tall Timbers subdivision were similarly afflicted.
We find it inappropriate to do so in this case. We impute knowledge to a plaintiff, not because he was in a position to make certain observations, but only when the plaintiff actually made those observations and from those observations should reasonably have known that a risk was involved. Prestenbach v. Sentry Insurance Co., 340 So.2d 1331 (La.1976); Bass v. Aetna Ins. Co., 370 So.2d 511 (La.1979). Moreover, the facts upon which knowledge may be imputed to the plaintiff must relate directly to specific risk, i.e., that which actually caused the harm. Dorry v. La Fleur, 399 So.2d 559 (La.1981). In other words, before actual knowledge of the risk may be imputed to the plaintiff, there must be a close causal relation between the facts actually observed by the plaintiff and the resulting harm suffered by him. It is within this context that Restatement (Second), Torts, Sect. 496 D(2) explains:
"In cases of assumption of risk, however, the plaintiff's own testimony as to what he knew, understood, or appreciated, is not necessarily conclusive. There are some risks as to which no adult will be believed if he says that he did not know or understand them. Thus an adult who knowingly comes in contact with fire will not be believed if he says that he was unaware of the risk that he might be burned by it; ..."
We conclude that the facts actually observed by plaintiff in this case, i.e., the similarly defective condition of other sidewalks in the area, are too remotely associated with the particular risk in question, i.e., the slippery condition of Mr. Johnson's sidewalk. We are therefore unable to impute to the plaintiff the knowledge of risk required *1210 as a basis for applying the assumption of risk doctrine in this case.
Traditional analysis of the defendant's liability would require us to end our inquiry here and find the City liable, as we have found no assumption of risk by the plaintiff.
Until recently, it has been held invariably that contributory negligence is no defense to strict liability. Langlois v. Allied Chemical Corp., Inc., 258 La. 1067, 249 So.2d 133 (1971). But this rule is borrowed largely from the common law as applied in other states. There, strict liability is imposed because social policy requires that those who profit by engaging in ultrahazardous or abnormally dangerous activities, and those who create such conditions, or those engaged in the manufacture of products, must pay their way.
As Prosser states:
"The courts have tended to lay stress upon the fact that the defendant is acting for his own purposes, and is seeking a benefit or a profit of his own from such activities, and that he is in a better position to administer the unusual risk by passing it on to the public than is the innocent victim." Prosser, Law of Torts, 4th Ed., (1971), p. 495.
Again, it is this social policy, rather than logic, which traditionally prevents courts from recognizing contributory negligence as a defense. The illogic of this principle, as Prosser puts it, is that "the fault of the plaintiff will relieve the defendant of liability when he is negligent, but not when he is innocent." Id. at 522.
The Louisiana Civil Code sometimes imposes strict liability for conduct which would not necessarily warrant the imposition of strict liability under the common law tradition. Where this is the case, there can be no basis for applying the social policy, borrowed from the common law, which prohibits contributory negligence as a defense.
Louisiana jurisprudence has already provided the basis for this conclusion. Loescher v. Parr, 324 So.2d 441 (La.1975), which held for the first time that Art. 2317 "fault" is grounded in strict liability, recognized "victim fault" as an available defense to liability under that article.
While the Civil Code does not define "fault", there can be no doubt that it does encompass negligence. Langlois, supra. More recent decisions have gone so far as to equate "victim fault" with contributory negligence. Edwards v. La. State Dept. of Transportation, 403 So.2d 109 (La.App. 3rd Cir., 1981); LeBlanc v. State Department of Highways, 405 So.2d 635 (La.App. 3rd Cir., 1981); Godwin v. Government Employees Ins. Co., 394 So.2d 751 (La.App. 3rd Cir., 1981); Korver v. City of Baton Rouge, 348 So.2d 708 (La.App. 1st Cir., 1977).
The Louisiana Supreme Court in Dorry v. LaFleur, 399 So.2d 559 (La.1981), held that the question of whether contributory negligence should be allowed as a defense to strict liability under Art. 2317 is one best decided on a case-by-case basis. That decision did provide a guiding principle, however, in holding that where the policy considerations which traditionally require the imposition of strict liability are lacking (i.e., where the defendant's conduct concerns neither ultrahazardous activity nor abnormally dangerous activity, nor liability of a manufacturer for its products, nor the realization of profit from any of these), the resolution of fault must encompass the victim's contributory negligence.
Following the reasoning of LaFleur, supra, we hold that the City's liability for the proper maintenance of sidewalks requires consideration of a plaintiff pedestrian's contributory negligence.
We note in this regard the plaintiff's own testimony that, to his knowledge, almost all property owners in the Tall Timbers subdivision were afflicted by the presence of the slimy substance on their abutting sidewalks, and that these conditions had prevailed for many years.
Having never been on Mr. Johnson's sidewalk before the night he fell, he did not have certain knowledge that the defective condition existed. However, although *1211 plaintiff had observed other neighbors' attempts to remove the substance, at no time did he witness the defendant Johnson make any such attempt, and therefore had no reason to assume that Mr. Johnson had remedied the problem.
Mr. Carpenter also knew that although the sidewalks were safely traversible when dry, excessive moisture had the effect of making the substance on the sidewalks extremely slick and slippery. At the time of Mr. Carpenter's fall, it had rained for three days. The part of the sidewalk where Mr. Carpenter fell was in fact covered by ¼ of water at the time of the accident.
Finally, we must note Carpenter's own admission that he did not take any extra precautions while walking on the sidewalk abutting Johnson's property, but instead walked as he normally would.
Contributory negligence is conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection. Restatement of Torts Second, Sect. 463 (1965). The standard of conduct to which the plaintiff must conform for his own protection is that of a reasonable man under like circumstances. Restatement of Torts Second, Sect. 464 (1965); Breithaupt v. Sellers, 390 So.2d 870 (La.1980); Langlois v. Allied Chemical Corp., 258 La. 1067, 249 So.2d 133 (1971).
We think that Mr. Carpenter's conduct, while it did not constitute assumption of risk, certainly did fall below the standard of care which a reasonable person would have exercised given his knowledge of the defective condition of the sidewalks that was pervasive in that neighborhood.
If Carpenter's object was to walk his dog safely, prudence would have dictated that he retrace the safe route he had taken up to that point, if necessary. Slightly annoying, perhaps, but preferable to taking the route which, he had reason to think, would pose a dangerous risk. Having failed in his duty to avoid the likelihood, if not the certainty, of the defective condition of Mr. Johnson's sidewalk, we cannot find the City liable for the consequences.

LIABILITY OF THE DEFENDANT JOHNSON
Determination of the defendant Johnson's liability as the abutting property owner does not allow the application of Art. 2317, for the reason that public sidewalks are not within his custody or "garde".
Applying the law of negligence, we note that abutting property owners are under no duty to repair or maintain a public sidewalk. Korver v. City of Baton Rouge, supra; Youngblood v. Newspaper Production Co., 135 So.2d 620 (La.App. 2nd Cir. 1961); Toppi v. Arbour, 119 So.2d 621 (La. App. 1st Cir., 1960).
Youngblood, supra, recognized an exception to the foregoing rule when the defect is caused or created by the abutting property owner.
It was not sufficiently proved at trial that the substance which caused Mr. Carpenter's fall actually emanated from Mr. Johnson's property. However, accepting as true plaintiff's allegations that this was the case, Mr. Johnson acted responsibly in using various cleaning agents at periodic intervals to try to remove the substance. We can hold him to no higher duty of care than that of a reasonable man under the circumstances. We find that his conduct satisfied that standard.
In any event, our finding of contributory negligence on the part of the plaintiff bars recovery. Langlois, supra, Prosser, Law of Torts, Sect. 65 et seq., 4th Ed., (1971); Stone, Louisiana Tort Doctrine, Sect. 50 et seq. (1977).
For the reasons assigned, the judgment of the trial court as to each defendant is affirmed.
AFFIRMED.
NOTES
[1] Although throughout the proceedings in the trial court, the city resisted the application of Art. 2317 to municipalities, it has been long settled that municipalities no less than private individuals are subject to its provisions. Jones v. City of Baton Rouge, 388 So.2d 737 (La. 1980).