L. JULIAN SAMUEL, Judge Pro Tem.
Plaintiff filed this suit against the Department of Streets of the City of New Orleans and the City itself seeking damages for injuries sustained by him on February 6, 1977, when the motorcycle he was driving struck a pothole in the 8800 block of Curran Blvd. in the City of New Orleans. Defendants answered, denying liability and alleging that plaintiffs contributory negligence[1] and/or his assumption of the risk barred recovery.
After a judge trial, judgment was rendered in defendant’s favor dismissing the plaintiffs suit at his costs. Plaintiff has appealed arguing that the trial judge erred in the following respects:
1. applying contributory negligence in a strict liability case;
2. considering inadmissible hearsay for its substantive value;
3. allowing the city to impeach its own witness without a declaration of hostility or surprise;
4. favoring the testimony of defendant’s expert over plaintiff’s; and
5. finding Northern was operating his motorcycle in excess of 40 m.p.h.
A municipality is responsible for injuries caused by defective street conditions posing an “unreasonable” risk of harm. LSA-CC art. 2317, Jones v. City of Baton Rouge, 388 So.2d 737 (La.1980). For plaintiff to recover on a “strict liability” theory he must prove:
... that the thing which caused the damage was in the care or custody of the defendant, that the thing had a vice or defect — that is, that it occasioned an unreasonable risk of injury to another — and that his injury was caused by the defect. Jones, supra at 739
Loescher v. Parr, 324 So.2d 441 (La.1975) held the defenses to strict liability are victim fault, third party fault and an irresistible force, and it is also accepted that assumption of the risk is a defense. Formerly, our courts repeatedly held that contributory negligence was not. Langlois v. Allied Chemical Corp. Inc., 258 La. 1067, 249 So.2d 133 (1971). Recently, however, following the reasoning of our Supreme Court in Dorry v. La Fleur, 399 So.2d 559 (La.1981), numerous eases have equated “victim fault” in a strict liability case with contributory negligence. See Buchanan v. Tangipahoa Parish Police Jury, 426 So.2d 720 (La.App. 1st. Cir.1983); Carpenter v. State Farm Fire and Casualty Co., 411 So.2d 1206 (La.App. 4th Cir.) writ denied 415 So.2d 951 (La.1982).
Those courts reasoned that the policy considerations which traditionally require imposition of strict liability are not present in every case arising under the code articles on which this theory of recovery is based (LSA-C.C. art. 2317, 2318, 2320, 2321 and 2322) and that whether contributory negligence should be allowed as a defense *1290 to strict liability should be decided on a case-by-ease basis.
Here the defendants’ conduct does not involve ultrahazardous activity, abnormally dangerous activity, a commercial enterprise for profit to defendant, or a manufacturer’s liability for a defective product. Since the traditional policy considerations are lacking, our disposition of this case should involve the question of plaintiff’s contributory negligence. Therefore, in accordance with our decision in Carpenter, supra, we hold that whether the City is ultimately liable in damages for injuries caused by defective street conditions posing an unreasonable risk of harm requires consideration of the injured party’s contributory negligence.
In the case at bar the trial judge gave the following concise reasons for judgment:
The investigating officer paced off the distance from the holes to the bike at 125 feet. He found shattered head light glass 10 to 12 feet from the holes. Assuming the glass indicated the point where the bike fell, the bike would have skidded 113-115 feet. Though Mr. Manuel testified the bike skidded 10 to 15 yards, and pointed out in Court a skid distance which measured 44 feet, the day before trial he pointed out to Mr. Schubert at the scene, a distance which Mr. Schubert measured to be 118 feet. This out of court statement was admissible to “discredit” his in-court estimates. I conclude Officer Luther’s testimony is correct. Given a skid distance of 113 feet, Mr. Schubert’s experiment suggested a speed in excess of 40 mph. Mr. O’Quinn’s duplication of the accident did not contradict this conclusion and in fact lent support to it. I conclude that plaintiff’s excessive speed was a cause of the accident and bars his recovery.
Appellant complains the conclusion that plaintiff was speeding was based on the testimony of eyewitness Herbert Manuel which, he contends, was tainted in two respects.
First, he argues the out of court statements were hearsay, offered and admitted for the truth of the matters stated therein. This argument has no merit. The trial judge made it clear in his reasons that the sole purpose for admitting the out of court “statements” (i.e. Manuel’s pointing out the day before trial to Officer Schubert of the locations of the pothole, where the cycle began its skid and where it finally came to rest) was to discredit Manuel’s in court testimony that the bike had skidded only 44 feet.
Mr. Northern also maintains the City should not have been allowed to impeach Mr. Manuel, its own witness, without a declaration of hostility pursuant by analogy to the rules of criminal procedure. LSA-R.S:15:487. Even if the trial judge erred in admitting the “statement” without the proper foundation it was harmless error. The trial judge simply chose to believe the testimony of the investigating police officer, Daniel Luther. Officer Luther was on the scene shortly after the accident. At the trial he testified from the police report and stated he paced off the distance from the pothole to where the cycle lay. He approximated this to be 125 feet. He also said there was broken glass 10 to 12 feet from the pothole. The accident occurred February 6, 1977 and the trial March 14, 1983, more than six years later. The trial judge apparently concluded that the on-the-site estimate of the police officer was more reliable than Mr. Manuel’s 6-year recollection of the skid distance. In matters of credibility the trial judge is given great discretion and there is nothing in the record to suggest that the trial judge abused this discretion in finding that Officer Luther’s estimate was the more accurate.
Mr. Northern also argues it was error for the trial judge to favor the testimony of the City’s expert, Officer Schubert, over that of plaintiff’s expert, Mr. O'Quinn. He states their conclusions were radically different and not supportive of each other. He also maintains O’Quinn’s duplication of the accident was more reli *1291 able than Schubert’s experiment. We disagree.
Mr. O’Quinn and his associate performed three tests using the same bike Northern was operating at the time of the accident. The tests were run on a concrete surface. Curran Blvd., where the accident occurred, was an asphalt and gravel mix. In each of Mr. O’Quinn’s tests, the operator of the bike would get the speed up to 25 mph, the speed Northern testified he was traveling, and the driver would jump off.. The distance the bike continued before it came to rest was then measured. In the first test, the cycle was simply forced on its side at 25 mph. From this point the bike skidded 80 feet. In the second test, at 25 mph the handlebars were crossed up and the bike released. The cycle righted itself, eventually fell over and stopped 250 feet from the point of release. The third time the handlebars were crossed up again. The bike went 168 feet, part of which was slide and approximately 100 feet was unstable roll.
Mr. Schubert, on the other hand, did not attempt to duplicate the accident. Instead, by dragging a similar bike over the actual street where the accident occurred (Curran Blvd.) he used a dynanometer to calculate the “coefficient of friction”. This number he described as “the amount of energy displaced when something is sliding across another surface.” Applying this figure to a formula he determined that if the bike had skidded 118 feet it was traveling 44 mph when it started to skid, exclusive of any roll.
The trial judge concluded the testimony of the two experts was not contradictory and said at the trial:
aside from the obvious variable on the coefficients of friction of the road surfaces, is there a great discrepancy between his experiment at twenty-five miles an hour producing eighty feet of slide with the back out conclusion that 118 feet of skid produces forty-four miles per hour?
[[Image here]]
I see no great discrepancy between the conclusion of the two experts. The problem we’ve got is how reliable are the assumptions. That’s what the case is all about, as they all are.
The trial judge apparently determined these two estimates were the most reliable since they represented a similar experiment and reflected the speed of the bike when it began to skid. He did not, as plaintiff suggests, give greater weight to one expert over the other. He simply applied the results of these two experiments to the facts as he found them. We find no error in this respect.
Finally, Northern argues the trial judge erred in concluding Northern was operating his motorcycle in excess of 40 mph. After hearing all the evidence, the judge concluded the testimony of the investigating officer was correct. Officer Luther paced off the distance from the potholes to where the bike came to rest and estimated the distance to be 125 feet. He also stated there was broken glass 10 to 12 feet from the holes. Assuming the glass represented the spot where the bike began to roll, which is supported by Mr. Manuel’s in-court testimony on this point, the trial judge deduced that the bike skidded 113 to 115 feet. Applying the testimony of the two experts to this factual finding, the judge apparently reasoned if a speed of 25 mph produced an 80 foot skid and a speed of 44 mph a 118 foot skid, then it was logical to conclude that a speed of 40 mph produced a skid of 113 to 115 feet.
This case involved factual and credibility determinations by the trial judge. The conclusions are supported by the record and an appellate court will not disturb these findings unless they are clearly wrong. Canter v. Koehring Co., 283 So.2d 716 (La.1973).
We not only cannot say the trial judge concluded erroneously that plaintiff’s excessive speed was a cause in fact of the accident and bars his recovery, we agree with that conclusion.
*1292 The testimony in the record was without contradiction that the particular block of Curran Blvd. was full of potholes. Even Mr. Northern’s testimony was to the effect that he drove through smaller holes before hitting the larger ones. The weather was clear and dry and there was nothing to obstruct plaintiffs view of the street. Because of the street condition, it should have been apparent to plaintiff that traveling at anything other than a slow and careful speed was highly dangerous on a motorcycle. We find, as did the trial judge, that the speed of the motorcycle was a cause-in-fact of the accident.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.

. The accident occurred prior to August 1, 1980, the effective date of the amendment to LSA-C.C. art 2323, allowing comparative negligence in computation of damages.