GULOTTA, Judge.
New Orleans Public Service, Inc. appeals from a judgment in favor of Ernest Bourgeois for injuries sustained when he fell into a street “pot hole” left by a NOPSI repair crew. NOPSI concedes its own negligence, but claims the trial judge erred in failing to conclude that plaintiff’s negligence or assumption of the risk barred his recovery.
On the wet and drizzly afternoon of January 24, 1983, Bourgeois, while moving at a “slow trot”, was crossing a street containing water filled pot holes. When attempting to avoid one of the holes, plaintiff made a “slight attempt” to jump over the hole and suffered injury when he fell into this foot and a half to two feet deep depression.

Assumption of the risk

A plaintiff does not assume a risk of harm arising from a defendant’s conduct *1117 unless he then knows of the existence of the risk and appreciates its unreasonable character. Accordingly, he will not be found, in the absence of an express agreement which is clearly so to be construed, to have assumed any risk unless he has knowledge of its existence. Dorry v. Lafleur, 399 So.2d 559 (La.1981).
Contributory negligence is conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection. This standard of conduct is that of a reasonable man under like circumstances. Carpenter v. State Farm Fire and Casualty Company, 411 So.2d 1206 (La.App. 4th Cir.1982), writ denied 415 So.2d 951 (La.1982).
The evidence reflects that Bourgeois did not live in the neighborhood where the injury occurred but was a periodic visitor to that area. At the time of the accident, although the street was not covered with water and Bourgeois was aware of water-filled potholes, he was unaware that the hole into which he fell was almost two feet deep. At the time of the accident, plaintiff, accompanied by a friend, was attempting to cross the street at a slow trot (because of the drizzling rain) and trying to avoid the water-filled pot holes.
Under these circumstances, we cannot say that plaintiff either assumed the risk or attempted to cross the street unsafely or differently from any other reasonable person encountering similar weather conditions.
Accordingly, we find no error in the conclusion reached by the trial judge. The judgment is affirmed.
AFFIRMED.