ARMSTRONG, Judge.
This is a products liability case. On June 15, 1978 Troy Givens decided to ride his minibike to the store. The engine was cold as Troy had not ridden the bike for a few hours. Troy got on the bike, started it, and rode down the street. In starting the bike Troy moved the choke from a closed position to a midpoint position. About three blocks away Troy reached down to adjust the choke from the midpoint position to the full run position. After doing so he let his fingers dangle near the choke and they were caught in an unguarded chain and sprocket power drive. The tips of his right index and middle fingers were cut off by the chain. Troy was hospitalized for three days and received follow up care for approximately three and a half months.
Troy’s father brought suit on behalf of himself and Troy against F.W. Woolworth (where the bike was purchased) and K & S Manufacturing Company (K & S), the manufacturer of the minibike. In that suit plaintiff claimed that the minibike was defective because it did not have a guard over the power drive on the right hand side of the minibike; and that the choke was incorrectly located in close proximity to the chain and sprocket causing a dangerous situation for the user of the bike.
A jury trial was held on April 16, 1985. The jury rendered a verdict in favor of the defendants, and dismissing the suit at plaintiffs’ cost. Plaintiff appeals and claims that the trial court made numerous errors two of which we find have merit.
We first address appellant’s claim that the trial court erred in refusing to give a jury instruction that contributory negligence is not a defense in a products liability case.
It is well settled that contributory negligence is not a defense in products liability cases. Bell v. Jet Wheel Blast, Div. of Ervin Ind., 462 So.2d 166 (La.1985). Furthermore, it is incumbent on the trial court to give instructions which properly reflect the law applicable in light of the pleadings and facts case. Miller v. Fogleman Truck Lines, Inc., 398 So.2d 634 (La.App. 3rd Cir.1981) writ denied, 401 So.2d 358 (La.1981).
In their answers defendants pled contributory negligence, and at the close of trial defense counsel apparently argued that Troy Givens was contributorily negligent. Under these circumstances we think that it was error for the trial court not to instruct the jury that contributory negligence is not a defense.
Appellant also claims that the trial court erred in admitting certain of defendant’s expert’s testimony into evidence.
*166 At trial defendants presented Clifford Clark as their expert witness. On Voir Dire Clark testified that he had never been qualified as an expert witness. Clark stated that he did not have an engineering degree nor had he published any papers regarding engineering techniques or practices. Clark indicated that his expertise was based on working with Clark Manufacturing Company on the design and manufacture of minibikes from the early 1960’s until the late 1970’s. He testified that he received his training and experience from working with his father, who owned Clark Manufacturing Company at that time, and that his father was neither licensed nor degreed in engineering. Furthermore Mr. Clark indicated that prior to his appearance in the trial court he had not been familiar with the design of the K & S minibike except for his examination of photocopies of photographs of the minibike in this case.
After this Voir Dire the trial court accepted him as an expert in the difference between Clark minibikes and those produced by K & S. Clark went on to give extensive testimony regarding the lack of use of guards over the chain and sprocket drive on Clark minibikes. Clark testified that due to the placement of the power drive within the frame he did not think that it was necessary for the power drive to be guarded on a Clark minibike. Clark also testified regarding the function of the choke on a minibike. Mr. Clark testified that the Clark bike was designed so that the operator would not have to adjust the choke while the bike was moving. In addition Mr. Clark was allowed to testify regarding the lack of guards over the chain and sprocket on the various minibikes he had examined in working on the design of the Clark minibike.
The entire time that Mr. Clark testified, even though his testimony was limited to the differences between Clark minibikes and K & S minibikes, he used the K & S minibike involved in the instant accident to illustrate his points. At one point he apparently mounted the minibike to illustrate the operation of the choke.
The Court of Appeal will not, in the absence of manifest error, disturb the evaluation of and conclusions drawn by the trial court from competing expert testimony, but will examine the testimony of the expert to determine whether any factual conclusions drawn from the testimony are manifestly erroneous and whether the trial court abused its discretion in accepting the witness as an expert. Faustina Pipe Line Co. v. Hebert, 469 So.2d 483 (La.App. 3rd Cir.1985), writ denied, 474 So.2d 1295.
It is this court’s opinion that the trial court was clearly wrong in allowing Mr. Clark to testify as he did, and particularly in using the K & S minibike to illustrate his testimony regarding the Clark minibikes. It is easy to see that the jury may have become confused by Mr. Clark’s testimony. The jury may have mistaken Mr. Clark’s comments about the Clark minibikes for testimony about the design of the K & S minibikes and applied that testimony in its determination of whether the K & S minibike was defective.
Since it is obvious that the factual conclusions of the jury were based on improper, prejudicial, and incomplete testimony, we must treat this case as though their has been no finding of fact regarding whether the K & S minibike is defective. Accordingly, we remand this case to the district court for a new trial. Picou v. Ferrara, 483 So.2d 915, ft.nt. 4 at 918 (La.1986); See, Ragas v. Argonaut Southwest Insurance Co., 388 So.2d 707 (La.1980).
For the foregoing reasons this case is remanded to the district court for a new trial.
REMANDED.
LOBRANO, J., concurs.